```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
In The Matter Of The Arbitration Between:                    :
                                                             :
BLUE FIN TANKERS INC,                                        :
                                                             :
                              Petitioner,                    :
                                                             :   16 Civ.
                  -and-                                      :
                                                             :
TESORO FAR EAST MARITIME COMPANY,                            :
                                                             :
                              Respondent,                    :
                                                             :
-------------------------------------------------------------X
```

## AFFIDAVIT OF BENGT E. NERGAARD IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND APPOINT ARBITRATOR

STATE OF CONNECTICUT )
                     )  ss.:
COUNTY OF FAIRFIELD  )

Bengt E. Nergaard, being duly sworn, deposes and says:

1. I am the In-House maritime counsel at Heidmar Inc., commercial operator for Blue Fin Tankers Inc. ("Petitioner"), the disponent owner of the M.V. DA YUAN HU and M.V. DA MING HU (the "Vessels"). I am fully familiar with the matters set forth in this Affidavit, and my knowledge of the matters set forth herein is based upon a review of the files maintained at our offices.

2. I submit this Affidavit in support of Petitioner's application for an order of this Court compelling Tesoro Far East Maritime Company ("Respondent") to appoint its arbitrators from the 2015-2016 Roster of Members of the Society of Maritime Arbitrators Inc. ("SMA"), which is found at http://www.smany.org/memberRoster.html, and participate

1

in the captioned arbitrations pursuant to the Federal Arbitration Act, 9 U.S.C. §§4 and 5 and 9 U.S.C.§201 *et seq.*

3. Under contracts of charter parties dated May 5, June 4, and June 9, 2015 (the "Charters"), the Petitioner, as disponent Owner agreed to charter the Vessels to the Respondent, as Charterer. True copies of the fixture recaps for the Vessels along with the ExxonMobil Voy2000 and Tesoro Far East Maritime Company clauses (revised October 2004) are attached hereto as Exhibit "1."

4. Respondent has failed to pay demurrage to the Petitioner in breach of the Charters.

5. Clause 35 of the ExxonMobil Voy2000, which has been incorporated into the Charters, provides that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York, pursuant to the laws relating to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by Owner, one by Charterer and one by the two so chosen" (*Id.* at Exhibit 1).

6. On January 25, 2016, the Petitioner demanded arbitration of its demurrage claims arising under the Charters and appointed Mr. Robert Shaw, as it arbitrator for all Charters. Copies of the Notices of Arbitration sent by email to the Respondent via the brokers are attached hereto as Exhibit "2." The arbitration notices state that "Charterers should appoint their arbitrator within 14 days, failing which Owners will apply to the Court to have an arbitrator appointed in their place" (*Id.*).

7. On February 24, 2016, I was contacted by the Respondent's New York counsel advising that he was currently reviewing the claims and requesting that the Petitioner refrain from making any application with the Court pending a response. Copies of my email exchange

with Respondent's counsel are attached hereto as Exhibit "3." Between February 24 and April 20, 2016, I exchanged several emails with Respondent's counsel requesting a response to Petitioner's claims. On April 20, I advised Respondent's counsel that, as we had not heard from him, we would instruct our attorney to "file the necessary motions to have a second arbitrator appointed by the Federal Court under all three charter parties. The costs of this exercise will be claimed by from [Respondent]." (*Id.* at p. 2). Respondent's counsel replied that it was his belief that the claims would be resolved without proceeding to arbitration and he would be in touch within a week "with our final thoughts in this matter" (*Id.* at p. 1). On the same day, I advised Respondent's counsel that we were not going to discuss the merits of the claims and that either the Respondent could pay the demurrage claims in full or appoint its arbitrator without further delay (*Id.*).

8. Despite my repeated written requests on January 25 and April 20, 2016, Respondent has refused to appoint an arbitrator and proceed to arbitration.

9. WHEREFORE, I respectfully request that the Court order Respondent to appoint its arbitrator from the SMA Roster of Members in response to Petitioner's notices of arbitration for the three separate Charters (Exhibit 2), and that the Respondent be compelled to participate in immediate New York arbitration in accordance with the terms of the Charters.

                                                    BEN  
                                            BENGT E. NERGAARD

Sworn to before me this  
May 13, 2016

_____  
Notary Public

3