Wanchoo Law Offices, LLP
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:      (646) 355-0244
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                                              :
In The Matter Of The Arbitration Between:                     :
                                                              :
BLUE FIN TANKERS INC,                                         :
                                                              :
                              Petitioner,                     :
                                                              :        16 Civ.
              -and-                                           :
                                                              :
TESORO FAR EAST MARITIME COMPANY,                             :
                                                              :
                              Respondent,                     :
                                                              :
--------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND APPOINT ARBITRATOR

Petitioner, BLUE FIN TANKERS INC ("Petitioner"), submits this Memorandum in Support of its Petition to Compel Arbitration and Appoint Arbitrator. For the reasons set forth below, Petitioner's Motion should be granted.

### Facts

The facts are full supported by the Exhibits to the affidavit of Bengt E. Nergaard, sworn to on the 13th day of May, 2016 ("Nergaard Aff."), which are incorporated herein.

**Argument**

**THE COURT HAS JURISDICTION TO ENTER AN
ORDER APPOINTING AN ARBITRATOR ON
BEHALF OF RESPONDENT AND COMPELLING IT TO
ARBITRATE**

Sections 4 and *5* of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* provide, in

relevant part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate
> under a written agreement for arbitration may petition any United States district
> court which, save for such agreement, would have jurisdiction under Title 28, in a
> civil action or in admiralty of the subject matter of a suit arising out of the
> controversy between the parties, for an order directing that such arbitration
> proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

* * * * * *

> If in the agreement provision be made for a method of naming or appointing an
> arbitrator or arbitrators or an umpire, such method shall be followed; but if no
> method be provided therein, or if a method be provided and any party thereto
> shall fail to avail himself of such method, **or if for any other reason there shall
> be a lapse in the naming of an arbitrator** or arbitrators or umpire, or in filling a
> vacancy, then upon the application of either party to the controversy **the court
> shall designate and appoint an arbitrator** or arbitrators or umpire, as the case
> may require, who shall act under the said agreement with the same force and
> effect as if he or they had been specifically named therein; and unless otherwise
> provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5 (emphasis provided).

It is axiomatic that U.S. general maritime law does not require a charter party to

be executed to create a binding contract. *See, Atlantic* & *Great Lakes S.S. Corp. v.*

*Steelmet Inc.,* 565 F.2d 848 (2d Cir. 1977).

The Charters provides for New York arbitration. (Nergaard Aff., ¶5). Petitioner

has appointed a New York commercial arbitrator and Respondent has refused to arbitrate.

(*Id.* at ¶6, 8). Accordingly, the Court has personal jurisdiction over Respondent on the

basis of its agreement to arbitrate in New York and "shall designate and appoint an arbitrator" on its behalf and compel arbitration. *See American Bureau of Shipping v. Tencara Shipyard S.P.A.,* 170 F.3d 349, 352 (2d Cir. 1999) ("It is well-settled that federal courts applying New York law have personal jurisdiction over parties that agree to arbitrate their disputes in New York [citation omitted] . . . if the Owners are estopped [as one of the five theories of binding a non-signatory] from denying their obligations under the arbitration agreement . . . it follows that they are also estopped from asserting a lack of personal jurisdiction based on that agreement.")

## Conclusion

For the reasons set forth above, Petitioner respectfully requests that this Court grant the petition and grant such other and further relief as may be equitable.

Dated:  New York, New York
      May 16, 2015

Respectfully submitted

By:    /s/ Rahul Wanchoo
      Rahul Wanchoo
      Wanchoo Law Offices, LLP
      350 Fifth Avenue, 59th Floor
      New York, New York 10118
      Phone:  (646) 593-8866

      *Attorneys for Petitioner,*
      *Blue Fin Tankers Inc*